1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIRGIL E. RIMANDO, a married man,

                Plaintiff,

    vs.

UNITED STATES OF AMERICA,
MICHAEL B. BRUSH, MD, a healthcare
provider, AUGUST STEIN, MD, a
healthcare provider, JANE DOE MD, a
healthcare provider,

                Defendant.

NO.

COMPLAINT FOR DAMAGES

    Plaintiffs VIRGIL E. RIMANDO, individually, by and through his attorney Thomas B.

Vertetis, and Pfau Cochran Vertetis Amala, LLC, for a cause of action against the United States,

allege as follows:

## I.       PARTIES

    1.1    Virgil E. Rimando is a married man with a residence in Bremerton, Washington.

    1.2    The United States of America created the United States Department of Veterans

Affairs ("VA") in 1930.  Under the Federal Tort Claims Act (28 U.S.C. §§ 2679(a) & 1346(b),

the United States is the proper party defendant in any matter brought pursuant to the Federal

COMPLAINT FOR DAMAGES
1 of 6

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

Tort Claims Act. The United States is vicariously responsible for the acts of its agency's employees and agents.

1.3     Upon information and belief, Defendant Michael Brush, MD was a physician duly licensed and practicing in the state of Washington to provide healthcare services.  At all times material hereto, Defendant Michael Brush, MD provided healthcare services and treatment to Virgil Rimando and there existed a fiduciary healthcare provider-patient relationship between Defendant Michael Brush, MD and Virgil Rimando.  Upon information and belief, Defendant Michael Brush, MD was not an employee of the United States' Veterans Administration at the time of the incident which is the subject of this lawsuit.

1.4     Upon information and belief, Defendant August Stein, MD, was a physician duly licensed and practicing in the state of Washington to provide healthcare services. Upon information and belief, August Stein, MD was a University of Washington ophthalmology resident at the time of the incident which is the subject of this lawsuit, and was not an employee of the United States at the time of the incident which is the subject of this lawsuit. To the extent that the United States denies liability for Dr. Stein's acts and omissions, the plaintiff reserves the right to substitute Dr. Stein as a named defendant.

1.5     Upon information and belief, Defendant Jane Doe MD is Elaine Chuang, MD. Upon information and belief, Dr. Chuang is employed by the United States and cannot be named personally herein. Her employer, the United States, is named herein. To the extent that the United States denies liability for Dr. Chuang's acts and omissions, the plaintiff reserves the right to substitute Dr. Chuang as a named defendant.

## II.     JURISDICTION AND VENUE

2.1     Plaintiff brings this action against the United States in accordance with federal law.  Plaintiff Virgil E. Rimando served a tort claim form and a request for reconsideration in



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

accordance with 28 C.F.R. § 14.1 *et seq.* After receiving an initial declination, Mr. Rimando appealed. The agency forwarded its final denial on August 27, 2014.

2.2     This Court has jurisdiction over this matter under 28 U.S.C. § 1346(b).  This Court has original jurisdiction over claims against the United States.

2.3     The events giving rise to this lawsuit occurred in King County, Washington. Venue is proper in this district under 28 U.S.C. § 1391(e) and/or § 1391(b)(2).

### III.     FACTS

3.1     Plaintiff re-alleges and reincorporate herein the preceding paragraphs of this Complaint as though set in full.

3.2     Plaintiff Virgil E. Rimando is a retired Army veteran residing in Bremerton, Washington.

3.3     On October 31, 2011, the Plaintiff presented to the VA's Puget Sound Health Care System in Seattle for a cataract removal procedure in his left eye. Defendant Michael Brush, MD, was the attending physician. Unknown to plaintiff, an ophthalmology resident from the University of Washington Medical Center, August Stein, MD, was performing the procedure.

3.4     During the procedure, the plaintiff received a local anesthetic and was awake. He heard Dr. Stein state, "I dropped something" to Dr. Brush. The plaintiff was told that something was dropped into his retina, and that he would have to return the next day to the Seattle VA Eye Clinic.

3.5     On November 1, 2011, the plaintiff returned to the Seattle VA Eye Clinic, where he was seen by August Stein, MD and Elaine Chuang, MD, the attending ophthalmology physician. The plaintiff was instructed to return in seven days, on November 8, 2011, for



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

another procedure to remove fragments from his eye. The defendants did not inform the plaintiff that such a delay could permanently damage his eye.

3.6    The plaintiff returned as instructed on November 8, 2011, when Dr. Chuang performed a retina repair and lens fragment removal procedure.  Unfortunately, due to the delay in performing the repair procedure, the plaintiff's eye has been irreparably damaged.

3.7    Since the incident, the plaintiff suffered partial blindness and extremely limited vision in his left eye, and experiences blurry and double-vision. The plaintiff can no longer safely drive at night or perform many activities of daily living.

### IV.    CLAIMS FOR RELIEF

**A. Medical Negligence**

4.1    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

4.2    The Defendants had a duty to exercise reasonable care while performing a surgical procedure.  This duty also includes a responsibility to quickly react to any surgical complications, and to perform a repair surgery within a reasonable amount of time.

4.3    The defendants breached these duties in a negligent manner.

4.4    Defendant United States is vicariously liable for the actions of federal employees, including but not limited to Defendant Jane Doe MD, or those acting on behalf of a federal agency in an official capacity, which include Defendants Michael Brush, MD and August Stein, MD.

4.5    As a direct and proximate result of the defendants' negligence, tortious conduct and breach of fiduciary duties, the plaintiff has suffered injury and damages, including but not limited to pain and suffering, past and future medical expenses, and loss of consortium with his



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

wife. Damages will be proven at trial and damage amounts will be deemed reasonable and proper as determined by the trier of fact.

**B. Informed consent**

4.6      The Defendants had a duty to inform the Plaintiff of the risks and benefits of the procedures, including but not limited to the consequences of waiting longer than 48 hours to retrieve particles from the vitreous.

4.7       The defendants breached these duties in a negligent manner.

4.8      The defendant United States is vicariously liable for the actions of federal employees or those acting on behalf of a federal agency in an official capacity.

4.9      As a direct and proximate result of the defendants' failure to provide informed consent, the plaintiff has suffered injury and damages, including but not limited to pain and suffering, past and future medical expenses, and loss of consortium with his wife. Damages will be proven at trial and damage amounts will be deemed reasonable and proper as determined by the trier of fact.

## V.      DAMAGES

5.1      As a direct and proximate result of defendants' negligence and breach of duties, Plaintiff Virgil E. Rimando has suffered injuries, general and special damages, which have continued to present and will be proven with specificity at the time of trial.

## VI.      LIMITED WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

6.1      Pursuant to RCW 5.60.060(4)(b), plaintiff hereby waives the Physician/Patient Privilege only so far as necessary to place any and all alleged damages at issue at the time of trial, as might be required by statute, or amended statute or case law interpreting the statutes of the State of Washington.   It should be understood that plaintiff's actions do not constitute a



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

waiver of any of plaintiff's constitutional rights and that defendants are not to contact any treating physician, past, present, or subsequent, without first notifying plaintiff's counsel so that they may bring the matter to the attention of the Court and seek appropriate relief, including imposing limitations and restrictions upon any desire or intent by defendants to contact past or subsequent treating physicians ex parte pursuant to the rule announced in Louden v. Mhyre, 110 Wn.2d 675 (1998).

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(1) That the Court order Defendants to pay Plaintiff such damages as set forth above, in an amount to be determined at trial; and

(2) That the Court grants Plaintiff any such further relief as the Court may deem just and proper.

## VIII.    RESERVATION OF RIGHTS

8.0    Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

Dated this 30th day of October, 2014.

PFAU COCHRAN VERTETIS AMALA, PLLC

By _____

Thomas B. Vertetis, WSBA No. 29805
tom@pcvalaw.com
Elizabeth P. Calora, WSBA No. 42527
elizabeth@pcvalaw.com
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES
6 of 6



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654